UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARMAINE LEORNA,

Plaintiff,

v.

SACRAMENTO COUNTY, et al.,

Defendants.

Case No. 26-cv-03778-JSC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a detainee in Wyoming State Hospital who is proceeding without representation by an attorney, filed this civil right complaint.[1]  The listed defendants are four California counties (Sacramento, Lake, Placer, and Napa Counties) and two judges, a prosecutor, and a public defender, all from Placer County.  Additionally, Plaintiff alleges wrongdoing by several county officials, the United States, and federal and state judges.  She is granted leave to proceed in forma pauperis in a separate order.  For the reasons explained below, the complaint is dismissed with leave to amend

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

---

[1] One week before filing this case, Plaintiff filed a nearly identical case in the United States District Court for the Eastern District of California, *Leorna v. Sacramento County, et al.*, No. 2:26-cv-01613-CKD (PC).

§ 1915A(b).

As it is not clear from the complaint why Plaintiff is detained in a state hospital, it is not clear whether she is a prisoner to whom Section 1915A applies.  But even if Section 1915A does not apply to this case, as she is proceeding in forma pauperis, the Court must review the complaint under Section 1915(e)(2), which is similar to Section 1915A.  Section 1915(e)(2) provides the court "shall" dismiss any case brought in forma pauperis "if the court determines" the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915(e)(2) is not limited to prisoners or to suits against governmental defendants.  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pleadings filed by unrepresented parties must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**LEGAL CLAIMS**

The complaint includes a large number of improperly joined claims.  The federal rules on joinder are straightforward.  "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing

2

party." Fed. R. Civ. P. 18(a).  When, as here, there are multiple defendants, they may be joined in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits." *Id*.  "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*.

Plaintiff's claims involve a wide range of events over "20 years" in multiple counties involving many government entities and officials.  Among these are claims: (1) Detective Helen Thompson "wrote, reported and slandered me in regard to my sister Taryn Leorna and her child" (*id.*); (2) "[t]hanks to Sacramento and Placer County Jehovah's Witnesses and their inaccurate lies and deceptions [Plaintiff is] being excessively punished, imprisoned, and involuntarily detained and sentenced without due process" (*id.* at 4); (3) "invasion of privacy and property" in Sweetwater County, Wyoming (*id.*); (4) the settlement funds in class actions against Jeff Bezos, Meta Platforms, and Bill Gates are improper (*id.*); (5) a Sweetwater County judge prevented her from pursuing cases against Meta and Google (*id.* at 5); (6) Placer County Sherriff's employees subjected her to unlawful disciplinary proceedings and administrative segregation at the jail (*id.*); and (7) she has received involuntary medication and commitments to state hospitals in violation of her rights (*id.* at 7).  These and other claims arise out of multiple different and unrelated incidents by wide range of government entities and officials who are allegedly responsible for violations of a variety of Plaintiff's constitutional rights.[2]  As alleged, Plaintiff's claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of

---

[2]Plaintiff claims Defendants violated her rights under the First, Fourth, Fifth, Sixth and Ninth Amendments, and her right to due process. (*See, e.g.*, ECF No. 1 at 3, 12, 17.)

United States District Court
Northern District of California

law or fact.  Plaintiff may not assert a grab-bag of unrelated claims against different defendants, and this is precisely what she has done.  Accordingly, the Court concludes the claims and Defendants improperly joined.

Under Federal Rule of Civil Procedure 21:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  The Court cannot simply strike certain claims or parties because it cannot discern which of the many claims Plaintiff may wish to keep or omit.  Nor will this Court sever claims because it is not clear whether Plaintiff, who is proceeding in forma pauperis, wishes to incur the additional filing fees that she would owe if this case were severed into multiple cases. So, Plaintiff is ordered to file an amended complaint in which she only alleges claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named in the amended complaint.  Or she may bring multiple unrelated claims against the same defendant.  Claims arising from unrelated incidents against different defendants must be alleged in separate complaints filed in separate cases.  If Plaintiff does not file an amended complaint in compliance with these instructions, this case will be dismissed for failure to prosecute, and the dismissal will be without prejudice to Plaintiff filing her claims in separate cases in the future.  *See* Fed. R. Civ. P. 41(b).

Additionally, the complaint sets forth a long, digressive, and at times incomprehensible narrative that is replete with conclusory, repetitive, and irrelevant allegations.[3]  (ECF No. 1 at 3.) This narrative does not comply with Rule 8(a)'s requirement of a short and plain statement of Plaintiff's claims.  *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996) (holding that a complaint with allegations that are "argumentative, prolix, replete with redundancy and largely irrelevant" does not comply with Rule 8(a)'s pleading requirements).  If Plaintiff files an amended complaint, it must comply with Rule 8(a)'s requirement of a "short and plain statement"

---

[3] Two examples are: (1) "Thank God it's a new fire season every year and nobody has anything to lose, and ambivalence prevails;" and (2) "A dog returns to his own vomit, and a sow, having washed, goes to wallowing in the mire of her own shit."  (ECF No. 1 at 6, 16.)

United States District Court
Northern District of California

in support of each claim she wishes to bring.  Failure to do so may also result in the dismissal of this action.

**CONCLUSION**

For the foregoing reasons,

1.      Plaintiff shall file an amended complaint on or before **July 21, 2026**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 26-3778 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; she must include in her amended complaint all the claims she wishes to pursue.  Failure to amend within the designated time and in accordance with this order may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  She also must comply with the Court's orders in a timely fashion, although she may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline she wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge