UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHARMAINE LEORNA,
Plaintiff,
v.
SACRAMENTO COUNTY, et al.,
Defendants.

Case No. 26-cv-03778-JSC

**ORDER OF DISMISSAL; DENYING MOTION FOR TIME CREDITS**

(ECF No. 8)

## INTRODUCTION

Plaintiff, a prisoner at Wyoming State Hospital who is proceeding without representation by an attorney, filed this civil rights action.[1] The complaint was dismissed with leave to amend because Plaintiff had included a large number of improperly joined claims. (ECF No. 7.) Plaintiff has filed a motion for "retroactive good time credits" (ECF No. 8) and a timely amended complaint (ECF No. 9). For the reasons explained below, the motion is DENIED, and the case is DISMISSED without prejudice for failure to state a claim that is capable of judicial determination.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or

[1] Plaintiff has a petition for a writ of habeas corpus pending in the United States District Court for the District of Wyoming. *See Leorna v. Wyoming State Hospital*, No. C 26-0148 ABJ. The petition indicates she was convicted of various offenses in Sweetwater County, Wyoming. (*See id*. ECF No. 1 at 1.)

United States District Court
Northern District of California

United States District Court
Northern District of California

"seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

1. Amended Complaint

The original complaint was dismissed because it included a large number of claims that were improperly joined under Federal Rules of Civil Procedure 18(a) and 20(a)(2). (ECF No. 7.) Plaintiff was given leave to file an amended complaint with the following instructions:

> Plaintiff is instructed to file an amended complaint in which she only alleges claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named in the amended

> complaint. Or she may bring multiple unrelated claims against the same defendant. Claims arising from unrelated incidents against different defendants must be alleged in separate complaints filed in separate cases. If Plaintiff does not file an amended complaint in compliance with these instructions, this case will be dismissed for failure to prosecute, and the dismissal will be without prejudice to Plaintiff filing her claims in separate cases in the future. *See* Fed. R. Civ. P. 41(b).
>
> Additionally . . . If Plaintiff files an amended complaint, it must comply with Rule 8(a)'s requirement of a "short and plain statement" in support of each claim she wishes to bring.

(*Id.* at 4:11-18.)

Plaintiff's amended complaint continues to claim a variety of constitutional violations arising from different transactions or occurrences involving different individual defendants. (ECF No. 9 at 2-3.) These include confiscation of and tampering with her legal mail and legal papers; "massive problems with the 'treatment team;'" lack of access to a law library, computer, legal codes, or dictionary; denial of glasses and clothing items; and interference with calls to the court. (*Id.*at 2:3-20.) Additionally, Plaintiff requests a writ of habeas corpus for "speedy relief from unlawful and excessive incarceration." (*Id.* at 3:1-3.) She asserts she is "locked up" for "virtually no crime" and "is appealing to [this] Court for immediate release from custody." (*Id.* at 3:5, 3:9-10.)[2]

There are at least two problems with the amended complaint. For one, with respect to the allegations regarding the conditions of her confinement, Plaintiff has

---

[2] Plaintiff also states in her amended complaint:

> Due to lack of prescription glasses, it is very slow for me to read and far more difficult. Even if given a dictionary it is very difficult or unreadable. I am struggling and straining my eyes to read the Order of Dismissal with Leave to Amend. I am requesting this court send me a LARGER PRINT/FONT PLEASE and (2) two copies.

(ECF No. 9 at 20-27.) The Court does not read these allegations to mean Plaintiff could not read the order of dismissal with leave to amend, especially in light of her timely amendment, but rather that doing so was "slow" and "very difficult" while using a dictionary. Her request for copies of case filings, including past orders, must be submitted to using the court's photocopy request form, which will be sent to Plaintiff along with this order. The Court notes this order is printed in a larger-than-standard font.

not followed the Court's instructions to bring claims that "(a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named in the amended complaint" or "unrelated claims against the same defendant." (ECF No. 7 at 4:11-14.) As explained in the prior order, the upshot of the rules about combining multiple claims in a single federal lawsuit is that:

> "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.*

(*Id.* at 3:5-11.) The amended complaint violates these rules because it alleges multiple unrelated claims of constitutional violations by different individuals. As Plaintiff was cautioned, her failure to follow the Court's instructions to file an amended complaint that complies with the federal joinder rules warrants dismissal for failure to prosecute under Rule 41(b). (*Id.* at 4:16-18.) This dismissal is without prejudice to Plaintiff filing a civil rights case or cases that comply with the joinder rules. Plaintiff is advised that if she wishes to file a civil rights case with claims about events that took place in Wyoming against defendants located there, she must file such a case in the United District Court for the District of Wyoming. *See* 28 U.S.C. §§ 131, 1391(b).

Second, with respect to Plaintiff's claims for release from custody, as Plaintiff acknowledges (ECF No. 9 at 3:1-3), a petition for a writ of habeas corpus is the proper way to pursue such claims. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to

particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011). A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Plaintiff's habeas claims seeking release from "unlawful" custody because she committed "virtually no crime" (ECF No. 9 at 3) must be brought in a petition for a writ of habeas corpus. Accordingly, Plaintiff's claims seeking release from custody will be dismissed without prejudice to bringing them in a federal habeas petition.[3]

2. <u>Plaintiff's Motion</u>

Plaintiff has filed a motion titled:

> Motion 28 U.S.C. § 2241 and Order for Retroactive Miscalculated Good-Time Credits and Unconstitutional Detention/Incarceration. Joinder with Charmaine Leorna's Writs of Restitutions and Liability and Certiorari Writs of Prosecutions of Civil and Criminal – Accountabilities – Retroactive.

(ECF No. 8 at 1.) This motion is frivolous. Plaintiff cites 28 U.S.C. § 2241, a habeas statute that applies to the execution of a *federal* sentence, *see*, *e.g., Mills v. Taylor*, 967 F.2d 1397, 1400 (9th Cir. 1992) (granting § 2241 petition alleging denial of federal presentence time credits), or to a person in state custody who has not been convicted, *see, e.g., White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies), and Plaintiff is neither. Additionally, she refers to a wide range of writs without identifying the cases in which they were filed or explaining how they relate to the instant case. Plaintiff also includes in her motion a

[3] Any claims challenging the Wyoming conviction or sentence at issue in her habeas case in the District of Wyoming, *see Leorna v. Wyoming State Hospital*, No. C 26-0148 ABJ, should be brought in that case.

"calculation of the amount due from the State of California for the month of June for the years of 2005, 2006, 2013, and 2017." (ECF No. 8 at 2-3.) She does not explain why she is owed this money or how these allegations relate to the claims in the amended complaint. Accordingly, this motion will be denied.

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED for failure to state a claim capable of judicial determination. This dismissal is without prejudice to Plaintiff filing a new civil rights case or cases with properly joined claims and to bringing claims challenging the lawfulness or duration of her confinement in a habeas petition. Plaintiff's motion for time credits is DENIED.

The Clerk shall enter judgment and close the file. The Clerk shall also send Plaintiff the Court's photocopy request form along with this order.

This order resolves docket number 8.

**IT IS SO ORDERED.**

Dated: August 13, 2026

JACQUELINE SCOTT CORLEY
United States District Judge